WARNER, BARNES & COMPANY, LTD., Plaintiff, *v.* WAR-
NER SUGAR REFINING COMPANY and ORIENTE
SECURITIES COMPANY, Defendants.

(Supreme Court, New York Special Term, December, 1921.)

Sales — contracts '' c. i. f.''— construction of — reformation of
contract for sale of sugar shipped by steamer — demurrer —
equity — '' landed weights '' diminished by loss or damage
due to risk of voyage.

In an action for the reformation of a contract in writing
which provided for the sale of " about 2,000 tons Philippine Is.
Dry Sugar, May, June, July shipment by str. or steamers for
New York, ⸭ ⸭ ⸭ landed weights, tare 2 per cent., cost
insurance and freight. Payment by buyers opening confirmed
New York credit for approximate amount of invoice at 90 days
sight, against which sellers to draw for not exceeding 90 per
cent. of invoice amount; full shipping documents, including
policy of insurance for invoice value plus 10 per cent. attached
to draft. Payment for balance of invoice to be made in New
York after completion of delivery and settlement of outturn
weights and tests. * * * Delivery to be tendered ex vessel
at a customary safe wharf or refinery in port of New York as
directed by buyer. Damaged, if any, to be taken at a fair
allowance. * * * In event of total loss buyers to collect in-
surance and effect settlement with sellers for the full amount
of invoice," the complaint alleged that the writing did not
represent the real contract, but that the words " damaged, if
any, to be taken at a fair allowance " were inserted through
inadvertence and mutual mistake. It was further alleged that
plaintiff presented full shipping documents covering the 2,000
tons of sugar and a policy of insurance with draft attached
and had received payment in a certain sum. The full value of
the sugar shipped, at the agreed price, including, however, the
sugar lost in transit by the stranding of the vessel amounted to
a larger sum than that received by plaintiff who asked judgment
for the difference. *Held,* upon overruling a demurrer with
leave to serve an answer, that if the contract was reformed as
prayed for it would be susceptible of the reasonable construc-
tion that though the seller was required to deliver goods at a

customary wharf in New York and the price could not be finally
determined until the goods were landed, yet that the property
in the goods and the risk of loss was intended to pass when
the full shipping documents were presented, including an
insurance policy.

In case the goods were totally lost then by the express terms
of the contract the buyers were to pay the full amount of
invoice, and if the goods were partially lost, as here, then it
was fairly inferable that while payment was to be made
according to "landed weights," the seller should not be deprived
of the right to show that these "landed weights" were
diminished by loss or damage due to the risk of the voyage.

ARGUMENT of demurrer to complaint in suit for
reformation of contract.

Lord, Day & Lord (Allen Evarts Foster and
Franklin Grady, of counsel), for plaintiff.

Henry A. Rubino, for defendants.

LEHMAN, J.   It is alleged in the complaint herein
that the plaintiff shipped 2,000 tons of sugar from the
Philippine Islands to New York city in accordance
with a contract between itself and these defendants,
but the steamship on which the sugar was shipped
stranded on one of the Hawaiian Islands and 840,191
pounds of said shipment of sugar was lost.  The con-
tract between the parties was in writing, and provides
for the sale of " about 2,000 tons Philippine Is. Dry
Sugar, May, June, July shipment by str. or steamers
for New York, * * * landed weights, tare 2 per
cent., cost insurance and freight.  Payment by buyers
opening confirmed New York credit for approximate
amount of invoice at 90 days sight, against which
sellers to draw for not exceeding 90 per cent. of
invoice amount; full shipping documents, including
policy of insurance for invoice value plus 10 per cent.
attached to draft.  Payment for balance of invoice to

be made in New York after completion of delivery and settlement of outturn weights and tests. * * * Delivery to be tendered ex vessel at a customary safe wharf or refinery in port of New York as directed by buyer. Damaged, if any, to be taken at a fair allowance. * * * In event of total loss buyers to collect insurance and effect settlement with sellers for the full amount of invoice." It is further alleged in the complaint that the plaintiff presented full shipping documents covering said 2,000 tons of sugar shipped from the Philippine Islands, and a policy of insurance with draft attached, and has received payment in the sum of $628,740. The full value of the sugar shipped, at the agreed price, including, however, the sugar lost in transit by the stranding of the vessel, amounts to $648,187.38, and the plaintiff has brought this action for the difference.

The plaintiff claims that it was the intention of the parties that the risk of loss or damage during the voyage should rest upon the defendants, but under the written instrument as signed by the parties, it is evident that the risk of damage prior to the delivery of the sugar in New York would fall upon the plaintiff, for it is expressly provided in the contract that delivery is to be made " ex vessel " and that payment is to be made on " *landed weights* " and " *damaged if any to be taken at a fair valuation.*" The complaint, however, alleges that the written instrument does not represent the real contract between the parties but that the words " damaged, if any, to be taken at a fair allowance " were inserted in the written instrument through inadvertence and by mutual mistake, and the plaintiff therefore asks for a reformation of the contract in this respect.

The defendants have demurred to the sufficiency of the complaint, urging that even if these words were

inserted by mutual mistake and should be eliminated, yet under the written agreement even in its amended form the risk of loss would still fall on the plaintiff, and the meaning of the contract at least in this respect would not be altered.

It seems to me that the demurrer must be sustained if the written contract when reformed would still as a matter of law unambiguously cast the risk of loss upon the plaintiff, but must be overruled if the written contract when amended would be ambiguous on this point, and the plaintiff has properly alleged that under the contract as amended the risk of loss was intended to fall upon the defendants.

The contract as pointed out above calls for payment of a price which includes cost insurance and freight, and such contracts, popularly described as " c. i. f." contracts, ordinarily require the seller merely to make shipment, and the property in the goods and risk of loss passes upon such shipment to the buyer, for the seller has done everything he is called upon to do under his contract. In the recent case of *Willits & Patterson* v. *Abekobei & Co., Ltd.*, 197 App. Div. 528, the Appellate Division of this department has, however, pointed out that though usually under such contracts the risk of transportation rests upon the buyer, " if, however, there be anything in the contract which shows that such was not the intention of the parties, the contract will be construed according to their intention." In that case the contract provided for " net landed weight " " Price $15.00 per 100 lbs. c. i. f. San Francisco," and the court held that these terms showed an intent that " the weight at the point of landing, to wit, San Francisco, must accord with the requirements of the contract," and that the ordinary meaning of the expression c. i. f. must be deemed modified so as to make the contract

one for delivery at San Francisco. It is upon this case that the defendants rely as authority to sustain their contention.

It must be conceded at the outset that the contract under consideration in this case contains in perhaps even stronger terms the same indicia of intention to place the risk upon the seller which were contained in the contract under consideration by the court in the case relied upon by the defendants. It expressly provides in unambiguous language for the payment of the price according to " landed weights " and it further expressly provides for delivery of the goods in New York ex vessel at wharf. There are, however, additional terms which differentiate the two contracts. In the present case the seller had the right upon presentation of full shipping documents including full insurance to draw upon the defendants for ninety per cent of the invoice price. The delivery of these documents to the defendants seems to me strong evidence of an intent to give the defendants dominion over the sugar covered by the documents, and to place the risk of loss upon the defendants. In the very case relied upon by the defendants, the court pointed out that the seller retained the policy of insurance, whereas in the present case, the insurance was delivered to the buyer and protected the defendants against loss. In Williston on Sales, section 301, the rule is stated that " if it is agreed that one party or the other shall insure the goods, it seems a necessary inference that the parties intended the risk to be borne by this party," and it seems to me quite clear that the same inference that the party who under the contract receives the benefit of the insurance bears the risk of loss may be drawn where one party under the contract is required to take out insurance for the benefit of the other party.

It seems to me that in the present case if the contract is reformed as prayed for in the complaint, the reformed contract is susceptible of the reasonable construction that though the seller was required to deliver the goods at a customary wharf in New York, and the price could not be finally determined until the goods were landed, yet that the property in the goods and the risk of loss was intended to pass when the full shipping documents were presented, including an insurance policy. If the goods were totally lost, then by the express terms of the contract the buyers were to pay the full amount of invoice, and if the goods were partially lost, then it is fairly inferable that while payment was to be made according to landed weights, the seller should not be deprived of the right to show that these landed weights were diminished by loss or damage due to the risk of the voyage. Any other construction of the contract would require the seller to provide insurance for the buyer for a loss which falls not on the buyer but on the seller.

Demurrer is, therefore, overruled, with costs and with leave to the defendant to withdraw the demurrer and serve an answer within twenty days after entry of order herein upon payment of said costs.

Demurrer overruled.